The act of 1809 which gives the mode of redress by petition now pursued declares that either party shall be entitled to an appeal to the Superior Court; but it is silent as to the mode of proceeding in the Superior Court. It does not direct whether the jury who are to assess the damages shall assess them at bar or on the premises. The act of 1777, commonly called the Court Law, sec. 82, declares that every plaintiff or defendant dissatisfied with any judgment, sentence, or decree of the county court shall be entitled to an appeal; and section 84 further declares that if the trial of the county court was of an issue to the country, a trial de novo shall be had; and if on a hearing of a petition, etc., a rehearing. In other words (as I understand it), that the same mode of trial shall be observed in the Superior Court as was directed in the county court; and this I should take the rule to be in all cases like the one before us, where an appeal is given to either party, without saying more. If the party appeals from a question of law, the Superior Court will decide it; if from a question of fact, it is the province of a jury to decide it.
In the case now under consideration the appeal seems to have been from the verdict of the jury. That jury gave their verdict on the premises, agreeably to the directions of the act of 1809. They were directed to go upon the premises to be the better enabled to fix upon the proper quantum of damages. If, then, a jury convened under the authority of the county court must go on the premises for that purpose, there is the same necessity for a trial on the premises when it is to be had as to facts in the Superior Court. Where the sole question is as to the quantum of damages, a view of the premises is as necessary and as indispensable for the one jury as the other. I therefore think the trial by jury, in both cases, should be on the premises.
NOTE. — The law in this respect is altered by the act of 1813 (see 1 Rev. Stat., ch. 74, sec. 17). *Page 24 
(28)